ARMCO, INC. d/b/a National
Supply Co., Plaintiff,

v.

MOORE EXPLORATION,
INC., Defendant.

Civ. A. No. H–84–2531.

United States District Court,
S.D. Texas,
Houston Division.
Dec. 28, 1984.

ORDER

NORMAN W. BLACK, District Judge.

Pending before this Court is the motion of Defendant Moore Exploration Inc. to dismiss all the claims of Plaintiff Armco, Inc., or, in the alternative, to stay those claims pending the outcome of a parallel state action filed by Moore in the 278th Judicial District Court, Walker County, Texas.

This Court has a duty to decide cases within its jurisdiction. A federal court cannot dismiss or stay a federal action in deference to a concurrent state proceeding save in exceptional circumstances. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). This Court is of the opinion that such exceptional circumstances are present in this case.

This Court can avoid piecemeal litigation and encourage a comprehensive settlement of this controversy by declining to exercise its jurisdiction. *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246. Moore has sued Oilfield Industrial Lines ("O.I.L.") in a Texas state court in Walker County, Texas, for breach of contract with respect to two oil rigs leased by O.I.L. to Moore. In a separate declaratory judgment action also filed in state court, to which Armco is a party, Moore contends that O.I.L. is solely liable for the payment of any of the services which Armco alleges it furnished to Moore and for which it is now suing Moore. O.I.L. is not a party to Civil Action No.

**2** 

H–84–2531. A judgment on the merits here would only mean that the losing side must then seek reimbursement or damages from O.I.L. Regardless of the outcome, resolution of this proceeding merely sets the stage for more court action elsewhere.

Plaintiff removed Moore's declaratory judgment suit to federal court and prayed that it be consolidated with its lawsuit against Moore. Plaintiff thus recognized that the two actions should be heard together. Since the Hon. Carl Bue has remanded Moore's action to state court, only by staying or dismissing Armco's federal action can consolidation possibly take place. The Court notes that on December 13, 1984, the 278th District Court of Walker County, Texas granted Moore's motion to consolidate its' declaratory judgment suit with its original damage action against O.I.L.

 Armco should have no serious objection to state court jurisdiction *per se* since it initially filed suit against Moore in a state district court in Houston. When Moore moved for a transfer of venue to Walker County, Armco voluntarily dismissed its suit, implicitly acknowledging the inconvenience of a Houston forum. The Court notes that geographical inconvenience of a federal forum and previous willingness to litigate similar suits in state court are factors which tend to support a stay. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983). While the Court agrees that a diversity litigant should not be relegated to second-class status, it also notes that all the legal issues in dispute are governed by state law. The absence of any federal question and the dominance of state law concerns does weigh in favor of abstention. *Moses H. Cone*, 103 S.Ct. at 942.

 While the pendency of Moore's state court action does not oust this Court of jurisdiction, we are not compelled to exercise that jurisdiction "where the controversy may be settled more expeditiously in the state court." *Will v. Calvert Fire Ins.*

*Co.*, 437 U.S. 655, 663, 98 S.Ct. 2552, 2557, 57 L.Ed.2d 504 (1978). It is therefore

ORDERED, ADJUDGED and DECREED that Defendant's motion to stay is GRANTED. It is further

ORDERED that Civil Action No. H–84–2531 is stayed pending resolution of Cause No. 10437–C styled *Moore Exploration Inc. v. Oilfield Industrial Lines Inc., et al.*, now before the 278th District Court of Walker County, Texas. It is further

ORDERED that, should the state court litigation in Walker County not be pursued or result in a final disposition of all claims, Plaintiff may, return to this Court for an order lifting the stay.